# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KATHERINE HELDMAN, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-19-419 |
| | ) | |
| STATE OF OKLAHOMA, DR. DAVID RALPH, individually, DR. JAMES SOUTH, individually, and DR. TIFFANY KESSLER, individually, | ) ) ) ) ) | |
|     *Defendants*. | ) | |

## ORDER

Before the Court are two Motions to Dismiss filed by Defendant State of Oklahoma ("Defendant State") [Doc. No. 15] and Defendants Dr. David Ralph ("Ralph"), Dr. James South ("South"), and Dr. Tiffany Kessler ("Kessler") (hereinafter, collectively, "Individual Defendants") [Doc. No. 14]. Both seek dismissal of Plaintiffs' First Amended Complaint [Doc. No. 11] for failure to state a claim pursuant to Fed. R. Civ. P. 12 (b)(6). The Motions are fully briefed and at issue. The Court will herein address all related filings.

## BACKGROUND

At the time of the alleged events, Plaintiff was a student at Southwestern Oklahoma State University's College of Pharmacy ("SWOSU"). First Amended Complaint at 1, ¶ 1. On May 7, 2018, Plaintiff was placed on academic suspension following events that transpired during the fall semester of 2017 and continued into the spring semester of 2018. *Id*. at ¶ 5.

Plaintiff was diagnosed with ADHD and Panic Disorder with symptoms of PTSD. *Id*. at 3, ¶ 7. During the fall semester of 2017, Plaintiff's grandfather entered hospice care.

*Id.* at ¶ 13. The news of her grandfather's impending death exacerbated Plaintiff's preexisting condition. *Id.* at 4, ¶ 14. Plaintiff's medical conditions had previously been manageable, and she had been a good student. *Id.* at ¶ 16. The added stressors proved too much, however, and Plaintiff's grades suffered. *Id.*

Kessler, South, and Ralph are employed by SWOSU and were allegedly the decision makers as to the conduct at issue. *Id*. at 2, ¶ 4. Plaintiff avers to have met with faculty, including Kessler, throughout the semester to express her concerns and difficulties. *Id*. at ¶ 17. Plaintiff allegedly told Kessler she was on Adderall and Xanax. *Id*. Plaintiff further alleges her concerns were seemingly reduced to slipping grades based on family issues without further consideration of Plaintiff's medical conditions. *Id*. at 4–5, ¶ 17.

Plaintiff failed three classes during the 2017 fall semester. *Id*. at ¶ 20. Plaintiff requested accommodations in the form of a withdrawal, and SWOSU denied that request. *Id.* During the 2018 spring semester, Plaintiff experienced a debilitating panic attack during a final examination. Plaintiff fled the exam room before she could complete the test. *Id.* at 6, ¶ 22. Due to Plaintiff's failing grades, she was placed on academic probation pursuant to the College of Pharmacy Student Handbook: "A student who has a total of four course failure [sic] in at least two different courses shall be suspended." *Id.* ¶ 23. The suspension was officially communicated through a letter from Ralph. *Id.* at ¶ 24.

Plaintiff submitted documentation notifying the administration of her intent to appeal, and was contacted by Cindy Dougherty, Dean of Students ("Dougherty"). *Id.* at ¶ 25. Allegedly, Dougherty notified Plaintiff that her disability had been formally documented and that she would receive prospective accommodations. *Id.* at ¶ 26. Kessler

responded to the appeal by noting that while prior accommodations had been made for Plaintiff on other exams, Plaintiff did not contact Kessler to tell her she was ill before the one she failed. *Id.* at 7, ¶ 27. Further Plaintiff did not notify the room proctor of the panic attack. *Id.* On May 21, 2018, Dougherty entered medical withdrawals for Plaintiff's failed courses. *Id.* at 8, ¶ 28. Despite entry of the hardship withdrawals, Plaintiff was placed on academic probation as SWOSU's "policy [was] strictly applied." *Id.* at ¶ 29. SWOSU granted Plaintiff readmission on May 8, 2019.

Plaintiff's First Amended Complaint alleges Defendant State violated § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* and asserts a state law breach of contract claim against Defendant State. Plaintiff asserts Individual Defendants were in violation of 42 U.S.C. § 1983.

## STANDARD OF DECISION

*Rule 12(b)(6) Failure to State a Claim*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A claim has facial plausibility when the court can draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249–50

(emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

## DISCUSSION

**I. Plaintiff's First Amended Complaint fails to state a due process claim—either substantive or procedural—against Individual Defendants.**

Plaintiff bases her § 1983 claim against Individual Defendants on an alleged "due process" violation.

The due process clause of the United States Constitution's Fourteenth Amendment has been interpreted to have both a procedural and a substantive component. *Regents of Univ. of Michigan v. Ewing,* 474 U.S. 214, 229 (1985). Plaintiff's First Amended Complaint nowhere indicates whether the alleged due process violation was substantive or procedural, though Plaintiff argues she has sufficiently alleged facts to state a claim for both. *See* Response [Doc. No. 16] at 9.

*A. Plaintiff fails to state a claim for a substantive due process violation, as the conduct she describes does not shock the judicial conscience.*

Where executive action—as opposed to legislative action—is challenged, as it is here, a substantive due process violation occurs where "government action deprives a person of life, liberty, or property in a manner so arbitrary it shocks the judicial conscience." *City of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *accord Doe v. Woodward*, 912 F.3d 1278, 1300 (10th Cir. 2019); *Rollins v. Oklahoma* ex rel. *Norman Veterans Ctr.,* No. CIV-12-921-D, 2013 WL 3992393, at *5 (W.D. Okla. Aug. 2, 2013) (DeGiusti, J.) ("The due process clause of the Fourteenth Amendment prohibits executive

abuse of power which shocks the conscience"). To state a claim for an executive violation of substantive due process rights, a plaintiff must allege both a (1) deprivation of property and (2) executive action that shocks the conscience. *Lindsey v. Hyler*, 918 F.3d 1109, 1115 (10th Cir. 2019); *Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006). Executive action that shocks the conscience requires far more than negligence. *Moore*, 438 F.3d at 1040. "Even the actions of a reckless official or one bent on injuring a person do not necessarily shock the conscience." *Id.*

Plaintiff here does not allege a § 1983 claim based on supervisory liability. There is, further, nothing in Plaintiff's First Amended Complaint describing conduct by any one of the three Individual Defendants that shocks the judicial conscience.

### 1. *Defendant Ralph*

The only specific factual allegation averred in support of a claim against Ralph is that Ralph sent Plaintiff a letter of suspension. First Amended Complaint at ¶ 24. And further, Plaintiff claims that Ralph had "decision making powers" and was "supposed to make an informed individualized decision based on a fair review of facts." *Id.* at ¶ 80. Plaintiff does not elaborate on how Ralph failed to make an individualized decision or how he otherwise acted arbitrarily. Liability will not attach absent any well-pleaded allegations showing Ralph's direct personal responsibility. *See, e.g., Trujillo v. Williams,* 465 F.3d 1210, 1227 (10th Cir. 2006) ("defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established"); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"); *Coleman v. Turpen*, 697 F.2d 1341, 1346 n.7

(10th Cir. 1982) (defendants not liable under § 1983 unless personally involved in the deprivation); *accord Duckett v. Ross*, No. CV-13-312-W, 2014 WL 12817753, at *5 (W.D. Okla. Oct. 28, 2014).

### 2. *Defendant South*

Plaintiff alleges South "was a decision maker[] to the unlawful conduct." First Amended Complaint at 2, ¶ 4. Next, she alleges that South denied her appeal and request for accommodation. *Id*. at 30, ¶ 86. Finally, she asserts that South failed to consider her "appeal as a request for accommodation or consider her [unnamed] disability at all." *Id*. Plaintiff asserts this is sufficient to show that South acted arbitrarily and in a retaliatory manner. But to state a claim, Plaintiff must allege sufficient facts to show that South acted in a way that would shock the judicial conscience. *See City of Sacramento*, 523 U.S. at 846. A single conclusory statement alleging South failed to "consider her appeal as a request for accommodation or consider her [unnamed] disability at all," is not enough. *Cf. Garcia v. Miera*, 817 F.2d 650 (10th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988) (finding shocking conduct where a nine-year-old student was held upside down by a teacher and beaten on the legs with a split wooden paddle by the principal resulting in bleeding, a welt, a two-inch cut, and a permanent scar).

### 3. *Defendant Kessler*

Plaintiff alleges more specific facts as to Defendant Kessler, though none of the factual allegations suggest Kessler acted in such a way that could warrant subjecting her to individual liability. Kessler allegedly refused to apply policies retroactively, denied Plaintiff's requests under discretionary policies, and misunderstood a situation despite

6

being allegedly aware that Plaintiff was on medication. *Id.* at ¶¶ 17–19, 50–52. Mere allegations of negligence will not suffice. *See Martinez v. Chama Valley Indep. Sch. Dist. No. 19*, 77 F.3d 1253 (10th Cir. 1996) (teacher repeatedly calling a twelve-year-old girl a prostitute did not shock the judicial conscience). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Onyx Props., LLC v. Bd. of Cty. Commr's*, 838 F.3d 1039, 1048–49 (10th Cir. 2016). None of Plaintiff's allegations describe conduct that rises to this exacting standard. *See Browder v. City of Albuquerque*, 787 F.3d 1076, 1082 (10th Cir. 2015).

Plaintiff claims that Ralph, South, and Kessler acted arbitrarily, capriciously, and not based on deliberate reasoning. First Amended Complaint at 30, ¶ 87. Without supporting facts, this allegation is merely conclusory. It is well established that the Court need not accept conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.").

Plaintiff further asserts that there are "allegations in the [First Amended Complaint] applicable to all defendants," but in doing so, points the Court only to the entirety of the First Amended Complaint. *See* Response [Doc. No. 16] at 5. To state a claim, Plaintiff must "provide each [Individual Defendant] with fair notice as to the basis of the claims against" each. *Robbins*, 519 F.3d at 1249–50. Plaintiff's pleading fails to do so and fails to state substantive due process claims against each of the Individual Defendants.

*B. Plaintiff's First Amended Complaint fails to state a claim for a procedural due process violation as she does not allege to have exhausted state remedies.*

Plaintiff purports to have asserted both substantive and a procedural due process claims.

Unlike § 1983 claims alleging a violation of substantive due process, allegations of procedural due process violations require a would-be plaintiff to "exhaust[] state remedies." *Pinder v. Mitchell*, 658 F. Appx. 451 (10th Cir. 2016) (unpublished); *accord Seay v. Okla. Bd. of Dentistry*, No. CV-17-682-D, 2019 WL 167417, at *4 (W.D. Okla. Jan. 10, 2019) (DeGiusti, J.). "When a school makes an ostensibly academic judgment about a student, the procedural requirements of the Due Process Clause are satisfied if the student is given prior notice of the deficiencies in his academic performance and if the challenged decision is careful and deliberate." *Trotter v. Regents of Univ. of N. Mex.*, 219 F.3d 1179, 1184–85 (10th Cir.2000). Plaintiff was never permanently expelled from the university. *Cf. Gossett v. Okla. ex rel. Bd. Of Regents for Langston Univ*. 245 F.3d 1172, 1181–82 (10th Cir. 2001) (discussing substantive and procedural due process violations in the context of academic expulsion). Here, Plaintiff does not allege all available state remedies have been exhausted and, further, alleges only that Individual Defendants followed school policy. As part of her breach of contract claim, Plaintiff notes she was not provided a hearing, though the Supreme Court has recognized that a hearing is not necessary to satisfy the requirements of procedural due process in this context. *Bd. of*

*Curators of Univ. of Missouri v. Horowitz,* 435 U.S. 78, 98 (1978) (finding that academic deficiency dismissals do not necessitate a hearing before school's decision-making body).

Plaintiff's First Amended Complaint fails to allege a procedural due process claim against each Individual Defendant.

**II.     Plaintiff fails to allege sufficient facts showing she was disabled under the Rehabilitation Act.**

Plaintiff alleges SWOSU violated § 504 of the Rehabilitation Act by (1) excluding Plaintiff from participation in academic programs; (2) retaliating against Plaintiff for seeking accommodations for her alleged disabilities of ADHD and panic attacks; and, (3) discriminating against Plaintiff on the basis of her purported disabilities.

In order to make out a prima facie claim under § 504 of the Rehabilitation Act must show that (1) Plaintiff is disabled, as the Rehabilitation Act defines; (2) Plaintiff would be "otherwise qualified" for the benefit sought; (3) the state program receives federal financial assistance; and, (4) Plaintiff was discriminated against solely because of her disability. *See Taylor v. Colorado Dep't of Health Care Policy & Fin.*, 811 F.3d 1230, 1233 (10th Cir. 2016); *Jarvis v. Potter*, 500 F.3d 1113, 1121 (10th Cir. 2007).

Plaintiff's First Amended Complaint indicates that she was a "solid student before the exacerbation of her disabilities." First Amended Complaint at ¶ 12. She claims her grandfather's illness was "obviously the catalyst considering [P]laintiff's solid academic record prior to the Fall 2017 semester." *Id.* at ¶ 39. Plaintiff fails to allege facts to support the "duration or expected duration" or the "permanent or long-term impact of the impairment." *Aldrich v. Boeing Co.,* 146 F.3d 1265, 1270 (10th Cir. 1998). To the extent

that she does, Plaintiff seems to indicate her ADHD and Panic Disorder did not substantially limit her ability to perform as a pharmacy student. *See,e.g.,* First Amended Complaint at ¶ 12 ("an otherwise solid academic record"). Plaintiff points to four failed upper-level pharmacy courses, including one resulting from an exam she was unable to complete as a result of a panic attack. *Id*. at 5–6, ¶¶ 20–22. Further, Plaintiff alleges that the obvious catalyst was transient added stress. Without more, Plaintiff has failed to allege sufficient facts to establish she suffered from a disability as defined by the Rehabilitation Act. 29 C.F.R. pt. 1630 app., § 1630.2(j) ("temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities"); *cf. Cunningham v. Univ. of New Mexico Bd. of Regents*, 531 F.App'x 909, 928 (10th Cir. 2013) (unpublished) (noting in dicta that a student who performed satisfactorily in his first two years of medical school while diagnosed with Irlen Syndrome "demonstrated that he did not need an accommodation" to pass his classes).[1]

Further, Plaintiff fails to allege sufficient facts to support discrimination on Defendant State's part. Plaintiff first alleges her accommodation requests were granted pursuant to SWOSU's policy. *See* First Amended Complaint at 8, ¶ 29. She next alleges the strict application of this policy was retaliatory, discriminatory, and exclusive. *Id*. at ¶¶ 35, 45, 49. But "[c]ompelling an educational institution to change its requirements for advancement through its [] program would represent a substantial, rather than a reasonable accommodation, because it would fundamentally alter the nature of the educational

---

[1] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

services and program it provides." *Cunningham,* 531 Fed. Appx. at 920. In academic matters, courts often defer in substantial part to the professional judgment of educational institutions. *See Ewing,* 474 U.S. at 225 (deferring to university in a due process context). Plaintiff asserts several legal conclusions and fails to indicate precisely what SWOSU did to give rise to the § 504 claim. *See, e.g.*, First Amended Complaint at 9, ¶ 31 ("SWOSU violated 504 by being unwilling to engage in a good faith interactive process to provide a reasonable accommodation."); *id.* at 13, ¶ 41 ("A college or university is obligated to acknowledge and work with a student who makes a request for an accommodation or modification on the basis of a disclosed disability.").

Plaintiff fails to state a claim under § 504 of the Rehabilitation Act.

### III. Plaintiff fails to state a claim for breach of contract, either actual or implied.

Plaintiff asserts a breach of contract claim against Defendant State[2] arising out of its alleged failure to comply with its student handbook. *See* First Amended Complaint at 25.

Under Oklahoma law, to have a valid contract there must be: (1) an offer by one party; (2) acceptance by the other; and, (3) consideration. Okla. Stat. Ann. tit. 15, § § 1–2, 51 (West). Plaintiff's First Amended Complaint does not indicate when the parties created the alleged contract, who entered into the alleged contract, or whether consideration was provided. To the extent Plaintiff intends to rely on a theory of implied contract, the Court

---

[2] Plaintiff incorrectly designated Defendant State as SWOSU in the pleadings.

can locate no clear guidance from the Oklahoma courts as to whether the SWOSU student handbook created a contract, and Plaintiff cites to none. *See Mason v. State ex rel. Bd. of Regents of Univ. of Oklahoma*, 2001 OK CIV APP 33, ¶ 16, 23 P.3d 964, 970 (stating that an "implied contract [] *may* exist between students and a university" and that the court would "*assume* with [Plaintiff] that, while he was a student, he was party to a contract with [the University].") (emphasis added); *Clifton-Davis v. State*, 1996 OK CIV APP 138, 930 P.2d 833, 835 ("[T]he issue of whether an implied contract exists between a university and its student has not previously been addressed by the Oklahoma Supreme Court."). Plaintiff alleges a breach occurred because SWOSU "[failed] to comply, failing to even provide [Plaintiff] a hearing…." First Amended Complaint at 27 ¶ 72. But the rest of the First Amended Complaint describes only how SWOSU complied with the policies it has set forth. A hearing in this context is not constitutionally required. *See Horowitz*, 435 U.S. at 98. And Oklahoma case law has consistently recognized that great deference is due to a university's discretion in academic decision making. *See Clifton-Davis*, 930 P.2d at 835. Plaintiff fails to allege any facts supporting a breach of contract claim under Oklahoma law.

### IV. Conclusion

For the foregoing reasons, Defendant State's Motion [Doc. No. 15] and Individual Defendant's Motion [Doc. No. 14] to dismiss are **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's First Amended Complaint be **DISMISSED WITHOUT PREJUDICE** to refiling. Plaintiff may file an amended

pleading within twenty-one (21) days of the issuance of this Order. Failure to timely amend will result in an entry of judgment based on this Order.

**IT IS SO ORDERED** this 18th day of November, 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge